IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FRANKLIN,

    Plaintiff,                       No. CIV S-07-656 JAM KJM P

    vs.

BUTLER, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff alleges that on January 7, 2007, while he was housed at Folsom State Prison, defendant Butler handcuffed him and then began to drag him by the arms, causing him to cry out in pain, and that defendants Phillips and Pulley did not intervene. As a result, he avers, a bone in his left arm is dead. Complaint (Compl.) at 5-6.

        Defendants have filed a motion to dismiss, alleging that plaintiff has failed to exhaust his administrative remedies.

        The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by

1

government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); <u>Smith v. Zachary</u>, 255 F.3d 446, 449 (7th Cir. 2001); <u>see also</u> <u>Lawrence v. Goord</u>, 304 F.3d 198, 200 (2d Cir. 2002). Proper exhaustion of available remedies is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...,". <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). However, an inmate is required to exhaust only those remedies that are available; for a remedy to be "available," there must be the "possibility of some relief. . . ." <u>Booth</u>, 532 U.S. at 738. The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200 (9th Cir. 2002).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. <u>See</u> 15 Cal. Code Regs. §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. 15 Cal. Code Regs. § 3084.5.

Finally, to satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial

/////

/////

1 remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at

2 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

3 To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, . . . . With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

11 Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

12      Defendants have supported their motion with two declarations. The first is from

13 D. Lewis, the Appeals Coordinator at California Medical Facility in Vacaville (CMF), who

14 declares that he (or she) is responsible for "maintaining records of all logged appeals filed by

15 prison inmates housed at CMF" and "all appeals filed by inmates at CMF that have been

16 screened out for failure to comply with proper procedures." Declaration of D. Lewis (Lewis

17 Decl.) ¶ 2. Lewis avers that "[t]here are no grievances received and logged from inmate Robert

18 Franklin at any time after January 7, 2007 pertaining to a staff complaint or use of force by

19 officers on January 7, 2007. Id. ¶ 7. Lewis does mention a grievance "logged and accepted for

20 review between January 7, 2007 and April 5, 2007," which is identified as HDSP-A-07-00770,

21 received February 16, 2007, and denied April 4, 2007. Id. ¶ 6. Lewis does not identify this as a

22 grievance filed by plaintiff or explain how he had access to a grievance identified as one from

23 High Desert State Prison (HDSP) when he does not otherwise mention his ability to access

24 grievance databases from other prisons.

25      The second declaration is from N. Grannis, the Chief of the Inmate Appeals

26 Branch (IAB), who avers that plaintiff has not filed a third-level appeal with the IAB concerning

3

his claim that defendants Phillips and Pulley did not intervene when defendant Butler dragged him by the arms.  Declaration of N. Grannis (Grannis Decl.) ¶¶ 3-4.

These two declarations do not satisfy defendants' burden of proof.  First, the declaration from D. Lewis suggests only that he maintains the grievances submitted at his institution, CMF, yet the event that forms the basis of this complaint occurred at Folsom State Prison, which would appear to be the appropriate locus of any grievance.  On the record before the court, Lewis's declaration is simply irrelevant to the resolution of the issue defendants have raised in their motion to dismiss.

Defendants go no further in proving failure to exhaust by relying on Grannis's declaration.  Under departmental regulations, a grievance describing a correctional officer's use of force or failure to prevent a use of force against an inmate would be treated as a staff complaint, which may channel it into a separate investigation.  Compare Departmental Operations Manual (DOM) §§ 5410025.2, 5410025.3 & 31140.9, 31140.11. Categorization as a staff complaint "thereby negat[es] any possibility of a parallel investigation through the appeal process."  Brown v. Valoff, 422 F.3d at 938-39.[1]  Grannis's declaration, then, does not provide sufficient proof that any relief would be available to plaintiff through the grievance system.

Defendants attempt to fill the lacuna in their showing by relying on plaintiff's opposition to argue that plaintiff has, in essence, conceded his failure to exhaust.  Reply at 2-3.

/////

/////

/////

---

[1] In Brown, the Ninth Circuit relied on those portions of the DOM relating specifically to employee misconduct; it did not reference those sections covering inmate appeals, which also have sections treating staff misconduct complaints.  There is some disconnect in the way in which the different sections treat staff complaints.  Because the burden is on defendants and they have not provided sufficient support -- whether in the form of regulations or factual material -- for the claimed failure to exhaust, this court need not attempt to determine what relevance, if any, the additional sections on inmate appeals have to Brown's holding.

1   Plaintiff has provided a number of irrelevant exhibits, but has submitted his

2   opposition brief itself under the penalty of perjury. He says in part:

> . . . plaintiff presented an administrative grievance on January 10, 2007 to Folsom's State Prison Appeals Office, regarding being assaulted by the defendant Butler, which they now claim to have never received it. The plaintiff resubmitted this grievance in March sometime to the Warden of Folsom State Prison. . . .Warden M.C. Kramer also refused to process the plaintiff's appeal. The reason that the plaintiff sent it to the Warden because the plaintiff had been transferred out of Folsom State Prison on February 13, 2007, to High Desert State Prison.

Opposition (Opp'n) at 5 & Ex. K (Kramer memo to plaintiff acknowledging receipt of correspondence and other documents); see also id. at 38 (verification).[2] In addition, plaintiff has attached a copy of a letter he sent to the Chief of Inmate Appeals on November 5, 2007, also signed under penalty of perjury, which says in part:

> I would like to ask you about two appeals which I should have received some time ago. One was a appeal that had been screened out. This appeal was addressing "staff misconduct" that took place on 01/07/2007. . . I really need these appeals in order for me to exercise my constitutional right . . . .

Opp'n, Ex. J.[3]

If the appeal was screened out, then it appears the Appeals Coordinator at Folsom State Prison might have a record of that fact.[4] Lewis Decl. ¶¶ 4-5; 15 Cal. Code Regs. § 3084.3(d). Such a record, in turn, might show that plaintiff had failed to comply with "critical procedural rules" and thus had failed to exhaust. Woodford, 548 U.S. at 90. Defendants have

---

[2] The court is using the number assigned to the verification page assigned by the CM/ECF system.

[3] Plaintiff also has attached a copy of a letter from his wife to "Mr. Felker," dated June 10, 2007, which refers to a 602 plaintiff filed on January 10, 2007, but which has never been addressed. Opp'n, Ex. I; see also Compl., Ex. F. The court declines to consider this letter because the events described in the letter are not within the writer's personal knowledge and because the letter is not submitted under the penalty of perjury.

[4] Defendants have not argued or shown that an inmate's grievance record follows him when he is transferred to a new institution.

5

not so demonstrated.

If the appeal was submitted but then lost, nothing in defendants' pleadings show that remedies would be available, for nothing in the regulations they have cited suggest that an inmate may properly proceed to a higher level of review until the lower level has been completed. 15 Cal. Code Regs. § 3084.5. On the instant record, the court cannot find that defendants have borne their burden of demonstrating plaintiff failed to exhaust available administrative remedies. Cf. Dale v. Lappin, 376 F.3d. 652, 656 (7th Cir. 2004) (remedies not available when prison officials refuse to give inmate a grievance form).

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2008.

_____
U.S. MAGISTRATE JUDGE

2

fran0656.57