IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FRANKLIN,

      Plaintiff,                       No. CIV S-07-656 JAM KJM P

  vs.

BUTLER, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. He alleges that defendant Butler dragged him by his arms, which were handcuffed in front of him, and that defendants Phillips and Pulley did not intervene but rather stood by and laughed.

        Defendants have filed a motion for a protective order. Plaintiff has filed a motion to strike defendants' motion, a motion for an extension of time in which to file a motion to compel, a motion for further time to conduct discovery under Federal Rule of Civil Procedure 56(e), and a motion for an extension of time in which to file a sur-reply to defendants' pending summary judgment motion. He has also filed a second amended complaint.

I. Second Amended Complaint (Docket No. 52)

        Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). An answer was filed

on December 16, 2008.  Plaintiff has filed neither a motion to amend nor a stipulation to amend the complaint signed by all parties.  Plaintiff's second amended complaint will therefore be stricken, and this action will proceed on the first amended complaint filed June 25, 2007.

II.  Additional Time To File A Motion To Compel (Docket No. 49)

Plaintiff pleads excusable neglect for failing timely to file a motion to compel discovery and asks for additional time to file such a motion.  He avers that he relied on the advice of inmate Louis Francis, who advised him that the deadline for filing motions to compel was June 12, 2009.  Docket No. 49 at 2.  Plaintiff attaches the affidavit of Louis Francis, who avers he assisted plaintiff by preparing the first request for production of documents in February 2009; that he advised plaintiff that the cut-off date for motions to compel was June 12, 2009; that he inadvertently kept plaintiff's copy of the scheduling order; and that he discovered his mistake when reviewing documents related to his own case.  Docket No. 49, Ex. O.

A party must demonstrate "good cause" when he seeks to modify the court's scheduling order.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  This standard focuses on "the diligence of the party seeking the amendment" of the scheduling order.  The district court may modify the schedule "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting advisory committee notes, Fed. R. Civ. P. 16).  Finally, "carelessness is not compatible with a finding of diligence. . . ."  Id. at 609.

Plaintiff's reliance on a writ-writer who misadvised him demonstrates carelessness, given the record before the court in this case, and so does not justify extending the time for plaintiff to file a motion to compel.  Plaintiff does not say he was unable to read or understand the order himself or that he sought the return of the scheduling order after Francis prepared the first request for production of documents.  At most he has demonstrated carelessness in his reliance on Francis to guide the litigation.  The motion is not well-taken.

/////

/////

III. <u>Motion For Additional Time To Conduct Discovery</u> (Docket No. 55)

Plaintiff seeks additional time to conduct discovery in order properly to oppose defendants' pending motion for summary judgment. He argues that the discovery he has already propounded will show that defendants acted maliciously and sadistically. Docket No. 55 at 2.

Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the non-moving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" <u>Crawford-El v. Britton</u>, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. P. 56(f)). It is the moving party's burden, however, to show that material facts exist that would preclude summary judgment. <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). To satisfy this burden the moving party must submit an affidavit setting forth the specific facts sought in discovery, a representation that the facts exist, and an explanation of how the facts are essential to oppose summary judgment. <u>Family Home And Finance Center, Inc. v. Federal Home Loan Mortgage Corporation</u>, 525 F.3d 822, 827 (9th Cir. 2008). A party's failure to pursue discovery diligently before summary judgment justifies a denial of the motion. <u>Id</u>. at 828.

Plaintiff has not complied with the formal requirements of a Rule 56(f) motion: he has not submitted an affidavit noting the specific facts he seeks nor a representation that such facts exist. Beyond arguing generally that the facts will show that defendants acted maliciously and that they may not have been properly trained, he does not show specifically how the discovery will assist him in opposing summary judgment.

Plaintiff does refer to various discovery requests he served on the defendants; these include requests for production of documents, mailed April 22, 2009, and a number of requests for admissions and interrogatories, all mailed March 28, 2009. Under the terms of the scheduling order, discovery was due by April 17, 2009, and requests for discovery were to be served sixty days before that date. Plaintiff's requests, therefore, were not timely; he has not shown he pursued discovery diligently before defendants filed their motion for summary judgment.

/////

1 Moreover, plaintiff has not shown that what he sought in these requests is essential
2 for opposing summary judgment.  The essential issue in the case is whether the defendants acted
3 with excessive force or failed to prevent the use of excessive force while escorting plaintiff.  See
4 Docket No. 51.  Much of what plaintiff seeks involves CDCR policy regarding the use of force
5 and the defendants' training on the subject or information showing that defendants were on duty
6 on the date of the incident.  See, e.g., Docket No. 50, Ex. A ¶ 4 & Ex. B. ¶¶ 5-6.  The policies are
7 available in the Administrative Code and in the Departmental Operations Manual, portions of
8 which defendants have attached to their motion for summary judgment; defendants do not deny
9 that they were on duty during the time plaintiff was escorted.  While material on the defendants'
10 training might be useful, plaintiff has not shown it is essential to his opposition.

11 IV.  Motion For A Protective Order; Motion To Strike The Motion For A Protective Order

12 As noted above, plaintiff sent most of his discovery requests too late to comply
13 with the dates established in the scheduling order.  Defendants' request for an order protecting
14 them from having to respond to those requests dated April 22 and March 28, 2009, is well-taken.
15 Plaintiff's attempt to have defendants' motion stricken is not well-taken.

16 V.  Motion For An Extension Of Time

17 In defendants' reply to plaintiff's opposition to summary judgment, defendants
18 note they would not oppose a sur-reply addressing plaintiff's contention that defendant Butler was
19 aware that plaintiff's medical condition required him to be escorted without handcuffs and that
20 defendants were required to document the application of hand restraints.  Plaintiff sought an
21 extension of time in which to file and serve the sur-reply, but before this order issued, filed an
22 eighty-six page document, which includes as exhibits a copy of the report of the special master in
23 Madrid v. Tilton, 90-3094 T.E.H. (N.D. Cal.), filed in 2006, along with declarations from other
24 inmates (which are also attached to the opposition to the motion for summary judgment) and a
25 copy of plaintiff's motion for additional time to conduct discovery.  In the body of the document,
26 /////

4

1  plaintiff takes issue with a number of defendants' evidentiary objections and addresses
2  defendants' claim that they are entitled to qualified immunity, among other things.
3        When a party has raised new arguments or presented new evidence in a reply to an
4  opposition, the court may permit the other party to counter the new arguments or evidence. <u>El
5  Pollo Loco v. Hashim</u>, 316 F.3d 1032, 1040-41 (9th Cir. 2003).  In this case, the court finds a sur-
6  reply to be appropriate but limited to the two issues noted above.  Accordingly, the sur-reply on
7  file (docket no. 60) is stricken and plaintiff is given an additional thirty days to file a limited sur-
8  reply.
9        IT IS THEREFORE ORDERED that:
10       1. The second amended complaint (docket no. 52) is stricken;
11       2.  Plaintiff's motion for additional time in which to file a motion to compel
12  (docket no. 49) is denied;
13       3. Plaintiff's motion for additional time to conduct discovery (docket no. 55) is
14  denied;
15       4. Plaintiff's motion to strike defendant's motion for a protective order (docket no.
16  50) is denied;
17       5. Defendants' motion for a protective order (docket no. 48) is granted;
18       6. Plaintiff's sur-reply (docket no. 60) is stricken; and
19       7. Plaintiff's motion for an extension of time in which to file a sur-reply (docket
20  no. 59) is granted and plaintiff is granted thirty days from the date of this order to file a sur-reply
21  limited to the two issues identified in the body of this order.
22  DATED: September 10, 2009.

_____
U.S. MAGISTRATE JUDGE

24  2
25  fran0656.mtc+