IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FRANKLIN,

      Plaintiff,                    No. CIV S-07-0656 JAM KJM P

   vs.

BUTLER, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a number of motions; defendants have filed a motion to vacate the dates in the scheduling order.

I. <u>Motion To Vacate</u>

        In light of the pending motion for summary judgment, the dates for submitting pretrial statements, pretrial conference and trial set in the scheduling order of January 8, 2009, are hereby vacated, to be reset if necessary following resolution of the motion.

II. <u>Motion For The Appointment Of Counsel</u>

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

III. Motion For A Writ Of Habeas Corpus Ad Testificandum

Petitioner has requested that the court issue writs to insure his presence and the presence of a witness at trial. In light of the pending motion for summary judgment and the resolution of the motion to vacate the trial date, this motion is premature. It may be renewed if necessary if and when a new trial date is set.

IV. Request To Submit Additional Documents

Plaintiff has filed a document entitled a "request to submit additional documents," apparently in connection with his pretrial statement; he attaches two different affidavits from inmate witness Terence Brownlee and a certificate from a medical records custodian. Because the latter certificate is not attached to any medical records, the court cannot tell what material plaintiff seeks to authenticate. Moreover, because the trial date is vacated, plaintiff's submission of Brownlee's declaration, presumably in support of his request that Brownlee be brought as a witness to trial, is premature.

IT IS HEREBY ORDERED that:

1. Defendant's motion to vacate (docket no. 64) is granted and the remaining dates in the scheduling order (docket no. 41) are hereby vacated;

2. Plaintiff's motion for the appointment of counsel (docket No. 66) is denied;

3. Plaintiff's request for the issuance of a writ of habeas corpus ad testificandum (docket no. 62) is denied without prejudice; and

/////

/////

2

1    4. Plaintiff's request to submit additional documents (docket no. 65) is denied
2 without prejudice.
3 DATED: October 5, 2009.

_____
U.S. MAGISTRATE JUDGE

2mp
fran0656.31(2)