IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FRANKLIN,

    Plaintiff,                          No. CIV S-07-656 JAM KJM P

    vs.

BUTLER, et al.,

    Defendants.                    <u>FINDINGS & RECOMMENDATIONS</u>

/

        Petitioner is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges Eighth Amendment violations arising from a prison escort that took place on January 7, 2007.

        Defendants have filed a motion for summary judgment and have filed objections to much of plaintiff's evidentiary support for his opposition as well as to portions of plaintiff's statement of undisputed facts.

I. <u>Summary Judgment Standards Under Rule 56</u>

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On October 25, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

/////

II. Evidentiary Considerations

Defendants object to many of plaintiff's undisputed facts and to several of plaintiff's exhibits. Even though plaintiff has not specifically objected, some of defendants' exhibits are unauthenticated or otherwise inadmissible and portions of their declarations are conclusory, as discussed below.

    A. Plaintiff's Statement Of Undisputed Facts

Plaintiff did not identify those portions of the record that support his assertions of fact, as required by Local Rule 260(b), which makes it difficult for court and counsel to determine whether these statements have proper evidentiary support in the record. It is not the court's "obligation to mine the full record" to find the exact portion of each lengthy exhibit that supports plaintiff's argument. Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991). Nevertheless, the court will examine, within reason, those portions of plaintiff's statement of undisputed facts and his exhibits that appear relevant in determining whether summary judgment is appropriate.

In addition, many of plaintiff's assertions are conclusory, are based on matters outside of his personal knowledge, are argumentative, or are irrelevant to the issues before the court on summary judgment; they are not an appropriate means of opposing summary judgment. Menasha Corporation v. News American Marketing In-Store, Inc., 238 F.Supp.2d 1024, 1029 (N.D. Ill. 2003) (relying on its local rules, court refused to consider conclusory, argumentative and unsupported portions of statement of undisputed facts); Servin v. Gatx Logistics, Inc., 187 F.R.D. 561, 562 (N.D. Ill. 1999) (construing its local rules, court rejects statement of facts which consisted of "opinion, suggested inferences, legal arguments, and conclusions"). Specifically, the court refuses to consider plaintiff's undisputed facts 3, 5, 9, 11, 12, 13, 14, 18, 20, 21, 22, 23, 24, because they are either outside of plaintiff's personal knowledge, conclusory, argumentative, irrelevant, or share a combination of these attributes.

/////

B. <u>Plaintiff's Exhibits</u>

Evidence submitted in support of or in opposition to summary judgment must also be authenticated. <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002).

> Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a) . . . [U]nauthenticated documents cannot be considered in a motion for summary judgment.

<u>Id</u>.; <u>Hal Roach Studios v. Richard Feiner and Company, Inc</u>., 896 F.2d 1542, 1550 (9th Cir. 1989); <u>cf</u>. <u>Canada v. Blain's Helicopters, Inc</u>., 831 F.2d 920, 925 (9th Cir. 1987) (unauthenticated documents may not be relied upon to defeat a motion for summary judgment). A court may consider only admissible evidence in ruling on a motion for summary judgment. <u>Orr</u>, 285 F.3d at 773. "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." <u>Id.</u> at 774 n.8.

The following of plaintiff's exhibits are not relevant and will not be considered: Exhibits A (letter to Associate Warden), B (discharge instructions from date earlier than incident), E (W-2 from 2003), F (Social Security Statement), I (medical records from 1/4/07), Q (letter dated 9/20/06) and R (envelope). The following of plaintiff's exhibits have not been authenticated: D (radiology report), G (medical chrono), I, K (surgical consultation report referencing an altercation in 2006), N (accommodation chrono).

C. <u>Defendant's Exhibits And Affidavits</u>

Defendants have submitted portions of a deposition without any identifying information; they appear to be from plaintiff's deposition. Portions of deposition testimony may be properly authenticated by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted; "[i]t is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a true and correct copy." <u>Orr</u>, 285 F.3d at 774. In this case, defendants have not provided even counsel's declaration in an attempt to

5

authenticate the deposition. Moreover, they have not submitted a copy of the complete deposition as required by Local Rule 133(j). The court thus will not consider the submitted portions of the deposition in ruling on the motion for summary judgment.

Defendants also have submitted their own declarations in support of their motion for summary judgment. Defendant Butler avers that he has never used unnecessary or unreasonable force on plaintiff, while defendants Williams and Phillips say they did not see Butler use unnecessary force, all of which are conclusions this court will not consider. See Defs.' Mem. P. & A. in Supp. Mot. for Summ. J. (MSJ), Ex. B, Declaration of D. Butler (Butler Decl) ¶ 7; id., Ex. D, Declaration of T. Phillips (Phillips Decl.) ¶ 6; id., Ex. E, Declaration of M. Williams (Williams Decl.) ¶ 6.

III. Undisputed Facts

On January 7, 2007, plaintiff was housed at California State Prison–Folsom (Folsom); defendants Phillips, Butler and Pulley were correctional officers and defendant Williams was a correctional lieutenant. Complaint (Compl.) at 3;[1] MSJ, Ex. C, Declaration of S. Pulley (Pulley Decl.) ¶ 1; Butler Decl. ¶ 1; Phillips Decl. ¶ 1; Williams Decl. ¶ 1. Butler came to plaintiff's cell and directed him to submit to being handcuffed; Phillips and Pulley were nearby. Compl. at 3. Plaintiff was handcuffed with his hands in front of his body because of his physical limitations. Id.

All the defendants have been trained in CDCR escort procedures, which require the escorting officer to hold onto the inmate to prevent any injuries to the inmate should he slip, to prevent other inmates from injuring him during the escort, or to prevent an inmate from escaping during the escort. Butler Decl. ¶¶ 3-4; Pulley Decl. ¶¶ 3-4; Phillips Decl. ¶¶ 3-4; Williams Decl. ¶¶ 3-4. Any use of physical force during an escort is to be documented according

---

[1] As the complaint is signed under the penalty of perjury, the court relies on it to the extent that it would rely on plaintiff's declaration. California Pro Life Council v. Randolph, 507 F.3d 1172, 1176 (9th Cir. 2007). The court relies on the page numbers assigned by its ECF system.

6

to CDCR procedure. Butler Decl. ¶ 6; Pulley Decl. ¶ 5; Phillips Decl. ¶ 5; Williams Decl. ¶ 7. No such reports were prepared and no reports of force were given to Butler's supervisor.

Plaintiff fell to the ground during the escort. Opp'n, Mem. P. & A. (Opp'n) at 3[2]; Phillips Decl. ¶ 6. He complained that the restraints caused him pain. Williams Decl. ¶ 9; Opp'n, Ex. L, Declaration of Terence Brownlee (Brownlee Decl.) & Declaration of Russell Owens (Owens Decl.). Williams directed Butler to remove the restraints. Williams Decl. ¶ 10; Compl. at 3-4.

The next day, plaintiff filled out a Health Services Request Form in a somewhat misleading fashion. Opp'n at 4-5; MSJ, Declaration of J. Torruella (Toruella Decl.) ¶ 3 & Ex. 1. Specifically, plaintiff claimed he needed medical attention because of a fall, not because of the injuries he suffered during the escort; he did this because he believed his medical concerns would not be addressed adequately if medical staff learned of the incident. Opp'n at 4-5.

IV. Disputed Facts

Although defendant Butler does not remember the escort, he says he would have followed CDCR procedure on escorts and his usual policy of placing his right hand on the inmate's left elbow to guide the inmate as he walks. Butler Decl. ¶¶ 2, 5. Defendant Phillips recalls that Butler maintained contact with plaintiff's left elbow and wrist to guide plaintiff during the escort, but does not recall any other contact. Phillips Decl. ¶ 6.

In contrast, plaintiff avers that Butler dragged him by his handcuffed wrists for twenty to thirty feet, causing him to fall and cry out in pain that he could not feel his arms. Compl. at 3; Opp'n at 3; Brownlee Decl.; Owens Decl. Defendants Phillips and Pulley did not intervene. Opp'n at 3; Owens Decl.

According to Dr. Torruella, the only "quasi-objective finding" was that plaintiff had difficulty flexing the ring finger on his left hand. Torruella Decl. ¶ 4. According to plaintiff,

---

[2] The opposition is also submitted under the penalty of perjury.

he continues to have pain in his left hand and left forearm and difficulties in reaching above his head.  Opp'n at 4; Compl. at 4.

V. Analysis

    A. The Use Of Force

Determining whether an Eighth Amendment violation has occurred depends on the context in which the action takes place.  Deference is to be given to the quick decisions officers must make when responding to a confrontation with riotous inmates.  Whitley v. Albers, 475 U.S. 312, 320-22 (1986).  A deferential standard applies even in the case of "a lesser disruption," so long as it is necessary for guards to use force to keep order.  Hudson v. McMillian, 503 U.S. 1, 6 (1992); see also Whitley, 475 U.S. at 320-22.  In the case of resistance, the determinative question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm."  Id. at 7.

The Ninth Circuit has relied on the Hudson factors in determining whether an officer's application of force was undertaken in a good faith effort to restore discipline, or maliciously and sadistically to cause harm.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).  These factors are: 1) the extent of the injury suffered by an inmate; 2) the need for application of force; 3) the relationship between that need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of a forceful response.  Id.  According to the Ninth Circuit, Hudson mandates that the Whitley standard applies in all claims of excessive force against prison officials.  LeMaire v. Maass, 12 F.3d 1444, 1453 & n.2 (9th Cir. 1993).

An Eighth Amendment violation may be established even in the absence of significant injury.  Hudson, 503 U.S. at 9.  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Id.  However,

/////

/////

the deprivation, meaning the use of force,³ must be more than <u>de minimis</u>. <u>Id</u>. at 9-10. The extent of the injury is therefore relevant to determine if the use of force is more than <u>de minimis</u>. <u>Id</u>. at 7 ("The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.").

In addition, even if prison officials did not use any force themselves, they may be liable for failing to intervene when another official acted unconstitutionally <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995); <u>see generally</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) (failure to protect from violence at hands of other inmates).

The facts about the use of force in this case are in dispute. The defendants claim they would have filed reports had force been used, yet did not do so. Butler contends he would have followed his usual escort procedure of keeping his hand on plaintiff's elbow; Phillips says that Butler in fact simply maintained contact with plaintiff's left elbow and wrist during the escort. In contrast, plaintiff, Brownlee and Owens report that Butler dragged plaintiff by his handcuffed wrists, causing him to cry out in pain and to fall. If plaintiff, Brownlee and Owens were to be believed, a reasonable jury could find that Butler used unnecessary force in dragging an unresisting inmate by his manacled hands and in ignoring that inmate's protest.

In addition, a reasonable jury could find that defendants Pulley, Phillips and Williams were deliberately indifferent to plaintiff's rights when they failed to stop Butler from dragging plaintiff by the arms despite plaintiff's cries of pain.

In addition, the facts are in dispute about the extent of plaintiff's injuries: plaintiff contends he is still in pain and has limited movement of his left arm, while defendants argue the only injury was to plaintiff's left ring finger. A reasonable jury could find that the extent of plaintiff's injuries, if shown to stem from the January 7th incident, supports the finding that Butler acted to cause harm.

---

³ The Ninth Circuit has recognized that the <u>Hudson</u> standard focuses on the nature of the force used. <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

B. Qualified Immunity

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court considers two questions. One is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting a defendant from liability. Id. If a constitutional violation occurred, a court must also inquire "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202. The district court may decide the order of addressing these questions and answer only the second, in accordance with fairness and efficiency and in light of the circumstances of a particular case. Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009).

Well before the incident underlying the instant action occurred in 2007, the Supreme Court recognized that an unreasonable use of force against an inmate might violate that inmate's Eighth Amendment right to be free from cruel and unusual punishment and that a failure to protect an inmate from harm might also violate the Eighth Amendment. Hudson, 503 U.S. at 7; Farmer, 511 U.S. at 837, 842-43; see also Robins, 60 F.3d at 1442 (prison officials violate an inmate's Eighth Amendment rights by failing to intervene to prevent another officer's use of force). Accordingly, the law put the defendants on notice that the conduct plaintiff has alleged was unlawful, which means they are not entitled to qualified immunity.

IT IS THEREFORE RECOMMENDED that defendants' motion for summary judgment (docket no. 51) be denied.

/////

1         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections may be filed within fourteen days of the filing of any objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2010.

_____
U.S. MAGISTRATE JUDGE

2

fran0656.msj